# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1213V
Filed: October 25, 2024

|  |  |
|---|---|
| JODILYN DRUERY,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Special Master Horner |

*Andrew Donald Downing*, Downing, Allison, & Jorgenson, Phoenix, AZ, for petitioner.
*Voris Edward Johnson*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

  On February 13, 2024, petitioner filed a motion seeking an award of attorneys' fees and costs in the amount of $118,034.59, including $114,269.00 for attorneys' fees and $3,765.59 for litigation costs. (ECF No. 119, p. 2.)  That same day, respondent filed a response to petitioner's motion. (ECF No. 120.)  For the reasons discussed below, I award petitioner attorneys' fees and costs in the reduced amount of $106,268.21.

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the document will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

1

### I.     Procedural History[2]

On September 7, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.* ("Vaccine Act").[3]  (ECF No. 1.)  Petitioner alleged that, as a result of an influenza ("flu") vaccine she received on October 26, 2016, she suffered from an acute cardiovascular event, likely myocardial infarction, resulting in ventricular fibrillation and implantation of a defibrillator.  (*Id.*)  This case was initially assigned to a different special master.  (ECF Nos. 4, 14-15.)  On January 16, 2020, petitioner filed a motion for interim attorney's fees and costs, which was subsequently granted.  (ECF Nos. 46, 54.)  Petitioner was awarded interim fees in the reduced amount of $51,962.10, representing $32,060.50 in attorneys' fees and $19,901.60 in costs.  (ECF No. 54.)

A two-day entitlement hearing was originally set to commence in June of 2021. (Non-PDF Scheduling Order, filed May 5, 2020; *see also* ECF No. 63.)  However, following the filing of petitioner's initial prehearing brief on May 25, 2021 (ECF No. 68) and respondent's responsive prehearing brief on June 1, 2021 (ECF No. 74), a status conference was held on June 9, 2021, during which petitioner's counsel explained that her expert would be unavailable to testify at the entitlement hearing.  (ECF No. 80.) Petitioner indicated her preference to forgo the entitlement hearing and instead proceed on the written record.  (*Id.*)  The scheduling order further states, "Petitioner's reply brief was due yesterday but was not filed due to the uncertainty of the entitlement hearing. Ms. Van Cott requested seven days to file the reply brief.  I granted that request."[4]  (*Id.*) Petitioner subsequently filed a prehearing reply brief on June 16, 2021.  (ECF No. 81.) In a joint status report, filed on February 1, 2022, the parties indicated that the record was complete.  (ECF No. 88.)  This case was subsequently reassigned to the undersigned's docket.  (ECF Nos. 89-90.)

Petitioner filed a motion for ruling on the written record pursuant to Vaccine Rule 8(d) on April 14, 2022.  (ECF No. 92.)  Thereafter, respondent filed a responsive brief on June 15, 2022, and petitioner filed a reply brief on July 17, 2022.  (ECF Nos. 94, 96.) On July 11, 2023, the undersigned issued a decision denying entitlement to compensation for petitioner's injury.  (ECF No. 98.)

Thereafter, petitioner filed a motion for review on August 7, 2023.  (ECF Nos. 99, 103.)  Respondent filed a response to petitioner's motion for review on September 12, 2023, and petitioner filed her reply on September 21, 2023.  (ECF Nos. 106, 109.) Following oral argument in November of 2023 (*See* Transcript of Proceeding, at ECF

---

[2] A more detailed procedural history is included in the undersigned's entitlement decision and Judge Horn's decision denying petitioner's motion for review.  *See Druery v. Sec'y of Health & Human Servs.*, No. 17-1213V, 2023 WL 5094088 (Fed. Cl. Spec. Mstr. July 11, 2023), *mot. for rev. den'd,* 169 Fed. Cl. 557 (2024).

[3] Within this ruling, all citations to § 300aa will be the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10-34.

[4] Van Cott is Ms. Jorgenson's former name.  (ECF No. 119, p, 3.)

No. 114), Judge Horn denied petitioner's motion for review, and judgment entered in January of 2024.  (ECF Nos. 116-17.)

On February 13, 2024, petitioner filed a motion seeking a final award of attorneys' fees and costs.  (ECF No. 119.)  Petitioner seeks $118,034.59, including $114,269.00 for attorneys' fees and $3,765.59 for litigation costs.  (*Id.* at 2.)  Pursuant to General Order No. 9, petitioner certifies that she has not advanced any funds in the pursuit of her claim.  (*Id.* at 5.)  In respondent's response to petitioner's motion, he argues that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by petitioner for an award of attorneys' fees and costs."  (ECF No. 120, p. 1.)  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  (*Id.* at 2.)  Respondent requests that "the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs."  (*Id.* at 3.)  Petitioner did not file a reply.

## II.     Legal Standard

Section 15(e)(1) of the Vaccine Act allows for the special master to award "reasonable attorneys' fees, and other costs."  § 300aa-15(e)(1)(A)-(B).  Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis.  *Avera ex rel. Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).

It is "well within the special master's discretion" to determine the reasonableness of fees.  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines ex rel. Sevier v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs.").  The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera*, 515 F.3d at 1347-48.  This is a two-step process.  *Id.*  First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  *Id.* at 1348.  Special masters can reduce a fee request *sua sponte* and without providing petitioners notice or opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).

Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work.  *See Savin ex rel. Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Such applications should not include hours that are "excessive, redundant, or otherwise unnecessary."  *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983)).  Attorneys' costs must also be reasonable.  *See Perreira ex rel. Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992) ("The

3

conjunction 'and' conjoins both 'attorneys' fees' and 'other costs' and the word 'reasonable' necessarily modifies both.  Not only must any request for reimbursement of attorneys' fees be reasonable, so also must any request for reimbursement of costs."), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).  However, special masters need not engage in a line-by-line analysis of petitioners' fee application.  *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011) (citations omitted).  They may instead rely on their experience with the Vaccine Program to determine the reasonable hourly rate and number of hours expended.  *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 483-85 (1991), *aff'd*, 988 F.2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests[,] . . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications."  *Saxton*, 3 F.3d at 1521 (citations omitted).

### III. Analysis

#### a. Reasonableness of the Requested Attorneys' Fees

Petitioner was represented by two attorneys throughout the litigation of her claim: Mr. Downing and Ms. Jorgenson.[5]  I have reviewed counsel's billing records in this case and find that petitioner's request for fees is largely reasonable, given the nature of the case, counsels' performance, and the specific procedural history of the case.  Additionally, my review confirms that the attorney hourly rates are appropriate based on what has previously been awarded to counsel.  Specifically, Mr. Downing has been practicing law for a total of 29 years and has been practicing in the program for 21 of those years.  (ECF No. 119, p. 3.)  A review of his billing records shows that he charged $385.00 per hour in 2020 and 2021, $415.00 per hour (which was increased to $445.00 per hour after restructuring his law firm) in 2022, $445.00 per hour in 2023, and $485.00 per hour in 2024.  (ECF No. 119, Tab A.)  Ms. Jorgenson has been practicing law for 9 years and has been practicing in the program for 7 of those years.  (ECF No. 119, p. 3.)  She charged $275.00 per hour in 2020 and 2021, $325.00 per hour (which was similarly increased to $345.00) in 2022, $345.00 per hour in 2023, and $375.00 per hour in 2024.  (ECF No. 119, Ex. A.)  These rates are reasonable and consistent with prior determinations.  *See Fisher v. Sec'y of Health & Human Servs.*, No. 20-0855V, 2024 WL 3326050 (Fed. Cl. Spec. Mstr. June 10, 2024); *Switzer v. Sec'y of Health & Human Servs.*, No. 18-1418V, 2023 WL 3580593 (Fed. Cl. Spec. Mstr. May 22, 2023).

However, I am concerned that the billing records reflect that this case was staffed by two attorneys experienced in this program who performed work on the case in an overlapping nature.  Special Masters have previously disfavored having multiple attorneys working on the same case and have reduced fees accordingly.  *See, e.g.*, *Austin ex rel. Austin v. Sec'y of Health & Human Servs.*, No. 10-362V, 2013 WL

---

[5] Petitioner's fee motion suggests that Ms. Allison, a senior litigator at Downing, Allison & Jorgenson with 35 years of experience, participated in the litigation of petitioner's claim; however, there are no billing entries to support such participation.  (ECF No. 119, p. 3.)

4

659574, at *14 (Fed. Cl. Spec. Mstr. Jan. 31, 2013); *Soto ex rel. Soto v. Sec'y of Health & Human Servs.*, No. 09-897V, 2011 WL 2269423, at *6 (Fed. Cl. Spec. Mstr. June 7, 2011); *Carcamo v. Sec'y of Health & Human Servs.*, No. 07-483V, 2011 WL 2413345, at *7 (Fed. Cl. Spec. Mstr. May 20, 2011). Other special masters have previously reduced Mr. Downing's fees based on inefficiency and unnecessary billing entries. *See e.g., Decker v. Sec'y of Health & Human Servs.*, No. 15-017V, 2019 WL 4928622 (Fed Cl. Spec. Mstr. Sept. 18, 2019); *Santacroce ex rel. J.R. v. Sec'y of Health & Human Servs.*, No. 15-555V, 2018 WL 1165916 (Fed. Cl. Spec. Mstr. Feb. 8, 2018).

In this case, although the procedural history is somewhat unusual, a review of the billings records and filings suggests that the overall number of hours billed for briefing entitlement was excessive. I note that this case required additional briefing with regard to entitlement. (*See* ECF No. 80; Non-PDF Scheduling Order, filed March 15, 2022.) Specifically, petitioner filed her initial prehearing brief prior to cancellation of the entitlement hearing, and she was instructed to file her reply brief following the cancellation. (ECF No. 80.) She was subsequently instructed to file a motion for ruling on the written record. (Non-PDF Scheduling Order, filed March 15, 2022.) Thus, petitioner filed a prehearing initial brief, a prehearing reply brief, a motion for ruling on the written record, and a reply to respondent's response to petitioner's motion for ruling on the written record. (ECF Nos. 68, 81, 92, 96.) Petitioner's initial prehearing brief was 36 pages while her motion for ruling on the record was 40 pages. (ECF Nos. 68, 92.) A comparison of the two documents demonstrates that there were relatively minimal changes in the motion for ruling on the record, despite counsel billing an additional 30.6 hours on top of the 65.6 hours billed for drafting the prehearing initial brief. (*Compare* ECF No. 119, Ex. A, pp. 4, 8-9, *with* ECF No. 119, Ex. A, pp. 7, 12-13.) There was also some overlap between the information contained in petitioner's prehearing reply brief and her reply to respondent's response to her motion for ruling on the written record, which each totaled 14 pages in length. (ECF Nos. 81, 96.) With respect to the reply briefs, counsel billed a total of 47.7 hours. (ECF No. 119, Ex. A, pp. 5, 9-10, 27-28.) All in all, Mr. Downing and Ms. Jorgenson collectively billed 143.9 hours briefing entitlement for a total fee of $47,065.50. In the undersigned's experience, the total amount of hours billed for briefing entitlement in this case appears to be excessive, especially given the fact that there were substantial similarities between the filings. Therefore, I find a 25% reduction – of $47,065.50 by $11,766.38 to $35,299.12 – to the fees incurred in connection with briefing entitlement is appropriate.

Factoring in the reduction, petitioner is awarded a total of $102,502.62 in attorneys' fees.

### b. Reasonableness of the Requested Costs

With regard to the requested attorneys' costs, I have reviewed the billing records and find that the requested costs to be reasonable and sufficiently documented. (ECF No. 119, Ex. A, pp. 20-26, 32-43.) I therefore award $3,765.59, representing the total amount of attorneys' cost requested by petitioner.

### IV. Conclusion

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 300aa-15(e). Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $106,268.21[6] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Andrew Downing, Esq.**

The clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[6] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, including "advanced costs" as well as fees for legal services rendered. Furthermore, § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck ex rel. v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.